## MUGLERS' IRON WORKS v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. March 19, 1909.)

PLEADING (§ 279*)—SUPPLEMENTAL PLEADING—COMPLAINT.

Where the original complaint in an action by a subcontractor to foreclose a mechanic's lien upon money alleged to be due to the principal contractor on a building contract with the city of New York asserted a lien for a specified sum for materials furnished, a supplemental complaint, which did not increase the amount of his lien, but asserted a lien upon the fund superior in equity, although subsequent in time, to his own lien and those of the other lienors, upon the ground that he had, with the knowledge and consent and at the request of the city and the other lienors, completed work left undone by the principal contractor, thereby enabling the lienors to resort to the fund, which would have been lost, but for the completion of the work, was consistent with and in aid of the case made by the original complaint, though his superior equity arose after the commencement of the action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 838; Dec. Dig. § 279.*]

Appeal from Special Term, New York County.

Action by Muglers' Iron Works against the City of New York and others. From an order striking out portions of the supplemental complaint, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

Edward W. S. Johnston, for appellant.
J. Frederick Eagle, for respondents.

SCOTT, J. Appeal by plaintiff from an order striking out part of a supplemental complaint. The action is one to foreclose a mechanic's lien upon money in the hands of the comptroller appropriated for the erection of two fire engine houses. Plaintiff, a subcontractor, claims a lien for upwards of $4,000 for materials furnished to the principal contractor and used in the erection of the buildings. The respondent is also a subcontractor (as are other defendants), claiming a lien subsequent to that of plaintiff.

By the supplemental complaint, which plaintiff served in pursuance of an order permitting such service, it is alleged that after the commencement of the action plaintiff ascertained that the principal contractor had not fully completed its contracts with the city of New York, the amount left undone being estimated to amount to $1,000; that the terms of the contract between the city of New York and the principal contractor were such that no moneys would become due and payable to said contractor, or available to subcontractors for the satisfaction of their liens, so long as the said buildings remained unfinished and the contract between the principal contractor and the city remained unfulfilled; that by the said contract it was also provided that, in case of failure of the principal contractor to complete the work, the city of New York might itself complete the work, and charge the expense thereof against the moneys due or to become due to the contractor, and, if the expense of such completion should be less

than the amount payable under the contract if the work had been completed by the contractor, that he should forfeit all claims to the difference. It is further alleged that the city of New York had intimated to the plaintiff and other parties to the action that it would insist upon the trial, unless the work was finished, that the quoted clauses in the contract would defeat the lien and recovery of the plaintiff and the defendant lienors; that, having determined that said clauses in said contract might defeat the lien and recovery of itself and other lienors, the plaintiff, with the knowledge, consent, and at the request of the city of New York and the defendant lienors, including the respondent, went on and completed the work necessary to be done under said contract; that before completing said work the plaintiff requested the other lienors to unite in completing the same and in paying the cost thereof, which they all refused to do, but one of them, not respondent, has in writing agreed that plaintiff shall have a first lien upon the moneys due upon said contract to the extent of the cost of completing said work; that the act of plaintiff in completing said work will enable it and the other lienors to enforce in whole or in part their liens upon the unpaid balance of the contract price, which otherwise they could not have done. The reasonable value of the work done and materials furnished is stated at $1,000, and judgment is asked that this sum be paid to plaintiff out of said fund before any part thereof is decreed to be paid in satisfaction of the several liens thereon and payable therefrom.

The order appealed from is sought to be sustained upon the ground that the matter stricken out undertakes to set up a new and substantive cause of action, inconsistent with and not in aid of the cause of action set up in the original complaint. This contention, as it seems to us, loses sight of the nature of the action, and of the effect of the allegations which have been stricken out. The action is an equitable one, which has for its purpose the application to the satisfaction of the liens of the parties who claim liens of the balance that shall appear to be due to the principal contractors after the work under their contracts has been fully and completely finished. Until the work had been completely finished no lienor could recover a judgment for the satisfaction of his lien. If the principal contractor, or some one interested in seeing that the contract was completed, such as his surety, or a subcontractor claiming a lien, had not stepped in and finished the work, the city itself could, upon giving the necessary notice, have completed the work, charging the cost against the amount due or to become due to the contractor. In any event it was a necessary prerequisite to the enforcement of any lien that the work should be completed, and the amount subject to the liens of subcontractors could not be ascertained until the cost of completion had been ascertained and deducted from the amount in the hands of the city appropriated to the payment for the work to be done under the contract. If the city, having given the necessary notice, had contracted with plaintiff to complete the work at a cost of $1,000, the amount available to the satisfaction of liens would be depleted by that sum which the city could have paid directly to plaintiff.

One of the questions to be decided upon the trial will be how much is subject to the claims of the lienors, and that will be whatever balance may remain of the contract price, after deducting therefrom the cost of completing the work left uncompleted by the principal contractor. In an action of this character, whatever may be the controversies between the parties on other points, there is one matter in which their interests are common, and that is in making as large a sum as possible available for the satisfaction of their liens, and whatever tends to conserve or to enlarge the fund available for this purpose is in the interest of every lienor. According to the allegations stricken out of the supplemental complaint, which for the purposes of this motion we must accept as true, the matters therein stated, although arising after the commencement of the action, were very distinctly consistent with and in aid of the case made by the original complaint. The plaintiff is not claiming to increase the amount of his lien as set forth in the original complaint, but seeks to assert a lien or claim upon the fund superior in equity, although subsequent in time, to his own lien and those of the other lienors, upon the ground that it has, with the knowledge and consent and at the request of the other lienors, expended a certain amount of money to establish a fund to which such lienors may resort, and which but for his actions might have been lost.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.